IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

**MICHAEL J. GREENE,**

      **Plaintiff,**

v.                                          Case No. 1:17-cv-02344

**WILLIAM O. (BILL) HUFFMAN,**
**WILLIAM J. SADLER,**
**GEORGE V. SITLER, and**
**SCOTT A. ASH,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

On April 12, 2017, the plaintiff, who is proceeding *pro se*, filed the instant Complaint (ECF No. 3) and an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), the court is obliged to screen each case in which a plaintiff seeks to proceed *in forma pauperis*, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. 28 U.S.C. § 1915A.[1] This screening is done prior to consideration of an Application to Proceed without Prepayment of Fees and Costs, and notwithstanding the payment of any filing fee. A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff

---

[1] The plaintiff is a prisoner who also seeks to proceed *in forma pauperis*. Thus, both of these statutory provisions are applicable in this case.

2

armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.

\* \* \*

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

Because the plaintiff's Complaint fails to state a claim upon which relief can be granted, the defendants have not been served with process and should not be required to appear or defend this matter.

## **THE PLAINTIFF'S ALLEGATIONS**

The instant Complaint alleges that the plaintiff entered into an unknowing and unintelligent guilty plea in the Circuit Court of Mercer County, and that the defendants failed to honor certain terms of the plea agreement concerning dismissal of the charges upon the plaintiff's completion of a trade school certification and his placement at the Glen Mills School. The plaintiff further alleges that Mercer County Circuit Judge William J. Sadler subsequently denied his request to withdraw his guilty plea and that his defense attorneys refused to appeal that decision. The Complaint seeks monetary damages from the defendants and requests that the plaintiff be permitted to withdraw his guilty plea.

The plaintiff has twice unsuccessfully filed the same or similar Complaints alleging constitutional violations by the defendants in the course of his criminal proceedings in the Circuit Court of Mercer County, West Virginia. *See Greene v. Ash*, No. 1:15-cv-14561

(dismissed on Dec. 10, 2015) and *Greene v. Sadler*, No. 1:15-cv-15723 (dismissed on July 26, 2016), *aff'd. Greene v. Sadler,* No. 16-7087 (4th Cir. Jan. 18, 2017).

## ANALYSIS

The plaintiff's previous Complaints were dismissed pursuant to the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), because the plaintiff's claims for monetary damages, which call into question the validity of his criminal conviction, are not cognizable unless and until the plaintiff's conviction is invalidated, and based upon the absolute immunity of the judge and prosecutors, and the failure to state a claim against his defense counsel, who is not a state actor and, thus, is not amenable to suit under 42 U.S.C. § 1983. The instant Complaint should be dismissed for these same reasons.

### A. The plaintiff's claims must be addressed in a petition for a writ of habeas corpus and the plaintiff has not exhausted available state court remedies.

The plaintiff's claims concerning the conduct of the prosecuting attorneys, the Circuit Court judge, and his defense counsel during his criminal proceedings, and his attendant request to be permitted to withdraw his guilty plea, amount to requests to grant habeas corpus relief, and necessarily call into question the validity of his conviction. The plaintiff has not demonstrated that he has exhausted his available state court habeas corpus remedies; thus, this court cannot presently grant such relief. *See* 28 U.S.C. § 2254(b)(1)(A). The plaintiff must first exhaust these claims in the state courts.[2]

---

[2] According to the Mercer County Circuit Clerk's Office, the plaintiff's habeas corpus petition in *Greene v. Plumley*, No. 15-C-357 (Mercer Cty. Cir. Ct.), is still pending before the Circuit Court.

### B.     The plaintiff's damages claims are presently barred.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff suing under 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under section 1983.

In the instant case, the plaintiff seeks monetary damages resulting from alleged improprieties during his criminal prosecution, which he claims resulted in an unknowing and unintelligent guilty plea and the breach thereof. However, he has not demonstrated that his criminal proceedings have been invalidated. Therefore, because the plaintiff's Complaint seeks monetary damages and, because it appears that his allegations bear on the validity of his criminal proceedings, he may not seek such damages under section 1983 unless and until he can show that his conviction and sentence have been invalidated. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint for monetary damages against the defendants is barred under *Heck v. Humphrey.*

### C.     Judge Sadler is absolutely immune from liability on the plaintiff's claims against him.

The plaintiff has named the Honorable William J. Sadler, Judge of the Circuit Court of Mercer County, as a defendant. With respect to the allegations contained in the

Complaint, Judge Sadler was a judicial officer who was engaged in his official judicial duties in connection with the plaintiff's criminal proceedings when all of the challenged conduct allegedly occurred. It is firmly settled that judges are immune from liability for damages for acts committed within their judicial jurisdiction, even when the judge is accused of acting maliciously and corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). The *Pierson* Court further found that:

> It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making, but to intimidation.
>
> We do not believe that this settled principle of law was abolished by § 1983, which makes liable "every person" who under color of law deprives another person of his civil rights. The legislative record gives no clear indication that Congress meant to abolish wholesale all common-law immunities.

*Id.*

Due to the clear and unequivocal application of absolute judicial immunity, the plaintiff's claims against Judge Sadler should be dismissed with prejudice. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Complaint against defendant Sadler is barred by absolute judicial immunity and, thus, fails to state a claim upon which relief can be granted against him.

> **D. Prosecuting Attorneys Scott A. Ash and George V. Sitler are also absolutely immune from liability with respect to the plaintiff's claims against them.**

The plaintiff has also named Mercer County Prosecuting Attorneys Scott A. Ash and George V. Sitler as defendants herein. However, a prosecutor is a "quasi-judicial" officer who enjoys absolute immunity when performing prosecutorial, as opposed to

investigative or administrative, functions. In *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993), the Supreme Court reviewed its rulings in cases addressing absolute and qualified immunity of public officials as follows:

> In *Imbler v. Pachtman*, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed.2d 128 (1976), we held that a state prosecutor had absolute immunity for the initiation and pursuit of a criminal prosecution, including presentation of the state's case at trial. * * * We concluded that the common-law rule of immunity for prosecutors was "well settled" and that "the same considerations of public policy that underlie the common-law rule likewise countenance absolute immunity under § 1983." *Id.* at 424, 96 S. Ct., at 992. Those considerations supported a rule of absolute immunity for conduct of prosecutors that was "intimately associated with the judicial phase of the criminal process." *Id.,* at 430, 96 S. Ct., at 995. * * *
>
> We applied the *Imbler* analysis two Terms ago in *Burns v. Reed,* 500 U.S. 478, 111 S. Ct. 1934, 114 L. Ed.2d 547 (1991). There the § 1983 suit challenged two acts by a prosecutor: (1) giving legal advice to the police on the propriety of hypnotizing a suspect and on whether probable cause existed to arrest that suspect, and (2) participating in a probable-cause hearing. We held that only the latter was entitled to absolute immunity. Immunity for that action under § 1983 accorded with the common-law absolute immunity of prosecutors and other attorneys for eliciting false or defamatory testimony from witnesses or for making false or defamatory statements during, and related to, judicial proceedings. *Id.*, at 489, 111 S. Ct. at 1941-42; *id.*, at 501, 111 S. Ct. at 1947.

509 U.S. at 269-70. "[T]he *Imbler* approach focuses on the conduct for which immunity is claimed, not on the harm that the conduct may have caused or the question whether it was lawful." *Id.,* at 271-72; *see also Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler*, 424 U.S. at 430-431) (Prosecutors are absolutely immune "for their conduct in initiating a prosecution and in presenting the State's case, insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.").

The plaintiff alleges that defendants Ash and Sitler breached the terms of his plea agreement. It would appear that defendants Ash and Sitler were performing discretionary decisions related to the prosecution of the plaintiff's criminal case, for which actions those

7

defendants are absolutely immune under the holding of *Imbler*. These actions were "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that defendants Ash and Sitler are absolutely immune from suit on the plaintiff's claims and, thus, the Complaint fails to state a claim upon which relief may be granted against them.

### E.     William Huffman is not a state actor under section 1983.

The plaintiff has also named his defense counsel, William O. (Bill) Huffman, as a defendant herein, asserting that he violated the plaintiff's constitutional rights by providing ineffective assistance of counsel. However, section 1983 of Title 42 of the United States Code, provides in pertinent part:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983. Thus, to successfully establish a section 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a <u>person acting under color of state law</u>." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)) [Emphasis added].

It is well-established that an attorney does not act "under color of state law" when retained or court-appointed to represent a criminal defendant. *See Vermont v. Brillon*, 556 U.S. 81 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor."); *Polk County v. Dodson*, 454 U.S. 312 (1981); *Hall v. Quillen*,

631 F.2d 1154 (4th Cir. 1980) (" [A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.")  Therefore, defendant Huffman was not a person acting under color of state law.

The plaintiff's allegations against defendant Huffman amount to no more than potential claims of ineffective assistance of counsel, which must be addressed through a writ of habeas corpus and are not actions taken under color of state law.  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state a claim upon which relief can be granted against defendant Huffman.

## **RECOMMENDATION**

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint (ECF No. 3) fails to state a claim upon which relief can be granted.  It is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this civil action pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B) and 1915A, and **DENY** the plaintiff's Application to Proceed without Prepayment of Fees and Costs (ECF No. 1).

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed

Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

November 9, 2017

Dwane L. Tinsley
United States Magistrate Judge