# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BLUEFIELD

**MICHAEL J. GREENE,**

  **Plaintiff,**

v.            CIVIL ACTION NO. 1:17-02344

**WILLIAM O. (BILL) HUFFMAN, et al.,**

  **Defendants.**

## MEMORANDUM OPINION AND ORDER

  By Standing Order, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and recommendation ("PF&R"). Magistrate Judge Tinsley submitted his proposed findings and recommendation on November 9, 2017. In the PF&R, the magistrate judge recommended that this court deny plaintiff's application to proceed without prepayment of fees and costs, dismiss plaintiff's complaint, and remove this matter from the court's docket. ECF No. 26.

  In accordance with the provisions of 28 U.S.C. § 636(b), plaintiff was allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Tinsley's Findings and Recommendation. Mr. Greene timely filed objections. ECF No. 31. For the reasons that follow, the court **OVERRULES** plaintiff's objections to the PF&R, **ADOPTS** the factual and legal analysis in the PF&R, **DISMISSES** plaintiff's complaint

1

(ECF No. 3), and **DENIES** plaintiff's Application to Proceed without Prepayment of Fees and Costs (ECF No. 1).

## I. BACKGROUND

On April 12, 2017, Mr. Greene filed a civil action alleging violations of plaintiff's constitutional rights by (1) Bill Huffman, the court-appointed attorney who represented Mr. Greene as a criminal defendant; (2) William J. Sadler, Mercer County Circuit Judge; (3) George V. Sitler, Chief Assistant Prosecuting Attorney for Mercer County; and (4) Scott A. Ash, Mercer County Prosecuting Attorney. ECF No. 3. The complaint alleges that Mr. Greene was induced into an unknowing and unintelligent guilty plea in the Circuit Court of Mercer County. Id. Mr. Greene alleges that defendants collectively failed to dismiss the charges against him after his completion of a trade school certification and placement at Glen Mills School. Id. Finally, Judge Sadler refused Mr. Greene's request to withdraw his guilty plea and Bill Huffman failed to appeal Judge Sadler's refusal. Id.

Magistrate Judge Tinsley recommended dismissal of plaintiff's complaint due to his failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, for the following reasons. First, plaintiff has failed to exhaust his state habeas corpus remedies. Next, plaintiff's § 1983 claims are barred unless and

2

until the plaintiff's conviction is invalidated--which it has not been.  See Heck v. Humphrey, 512 U.S. 477 (1994).  Last, each of the defendants may not be prosecuted under § 1983.  Specifically, Judge Sadler is protected by judicial immunity, Ash and Sitler are immunized by prosecutorial immunity, and since Huffman is not a "state actor," he may not be held liable under any § 1983 claim.

This is Mr. Greene's third § 1983 claim in the past three years claiming the exact factual and legal charges against the same four (4) defendants.  In Mr. Greene's first § 1983 action, this court adopted Magistrate Judge R. Clarke VanDervort's PF&R, founded upon the same legal conclusions as Magistrate Judge Tinsley's PF&R.  See Greene v. Ash, No. CV 1:15-14561, 2015 WL 8492760, at *1 (S.D.W. Va. Dec. 10, 2015).  In Mr. Greene's second action, this court again adopted a PF&R of Magistrate Judge VanDervort that recommended dismissal on the same basis.  See Greene v. Sadler, No. CV 1:15-15723, 2016 WL 4005936, at *1 (S.D.W. Va. July 26, 2016), aff'd, 673 F. App'x 324 (4th Cir. 2017).

Akin to Greene v. Sadler, Mr. Greene's objections are not directed toward the merits of his case.  The crux of Mr. Greene's objections is encompassed in its conclusion:

> It does not matter who you work AS, none of
> [defendants] in a court proceeding or outside a court
> proceeding has the RIGHT to Lie or mis-lead (sic) you

3

> in your case.  None of you can violate an (sic)
> defendant's RIGHT as mine was violated and expect a
> civil action not to be filed against you AND it dont
> (sic) get dismissed.

ECF NO. 31 at p.21.  Rather than addressing the magistrate judge's reasoning or conclusions, Mr. Greene's objections[1] merely resubmit his initial arguments in favor of his motion.  Because Mr. Greene's objections fail to direct the court to a specific error in Magistrate Judge Tinsley's PF&R, the court need not engage in a de novo review.  See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) ( A district court need not conduct de novo review "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations").  Moreover, after reviewing the PF&R, the record, and plaintiff's objections, the court determines that plaintiff's arguments lack merit and are patently frivolous.

Based on the foregoing, the court hereby **OVERRULES** plaintiff's objections to Magistrate Judge Tinsley's PF&R.  The court **ADOPTS** the factual and legal analysis contained within the PF&R; **DISMISSES** plaintiff's complaint (ECF No. 3), and **DENIES**

---

[1] The court has liberally construed plaintiff's pro-se objections.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Peterson v. Burgess, 606 F. App'x 75 (4th Cir. 2015).

4

plaintiff's Application to Proceed without Prepayment of Fees and Costs (ECF No. 1).

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and plaintiff, pro se.

It is **SO ORDERED** this 18th day of April, 2018.

ENTER:

David A. Faber
Senior United States District Judge